IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN; JEFFREY BEARD; GEORGE GIURBINO; SUSAN HUBBARD; KELLY HARRINGTON; KATHLEEN ALLISON; J. MCLAUGHLIN; M. RUFF; C. PARIS; J. PRELIP; D. ROTHCHILD; J. ROBERTSON; B. MOAK; C.E. DUCART; C. PFEIFFER; A. ALAFA; MARTINEZ; HIGHTOWER; MANUAL ORTIZ; HAMMER; SPEIDEL; STEBBINS; VARGAS; M. RUSSELL; J. FALLIS; J. FRISK; W. BLACK; DOES 1-10,<br><br>　　　　　Defendants. | No. C 18-6350 WHA (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART MOTION TO DISMISS OR SEVER; SEVERING CLAIMS; DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE SUMMARY JUDGMENT MOTION; INSTRUCTIONS TO CLERK**<br><br>(ECF Nos. 40, 45, 48, 50, 51) |

　　　　Plaintiff, a California prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"), Kern Valley State Prison ("KVSP"), and at the headquarters of the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento. Defendants' motion to dismiss and sever certain claims was granted in part: claims against three defendants were dismissed, and the claims against the KVSP officials were severed and transferred to the Eastern District of California, which is the proper venue for such claims and where they are currently pending. Plaintiff has filed a motion for leave to file a motion for reconsideration of the decision to sever the claims

against the KVSP defendants. Leave was granted, and defendants have responded to the motion. For the reasons discussed below, the motion for reconsideration is **DENIED**.

Plaintiff was housed at PBSP until 2016, when he moved to KVSP where he currently resides. The claims against PBSP defendants are that they used false confidential information to place him in segregated housing at PBSP on four occasions between 2014 and 2016, and that the conditions in the segregated housing unit were unconstitutional. His claims against the KVSP defendants are based on events that took place there from May 2017 to 2020, including phone calls, communication with his attorneys, and housing decisions there. He claims that the actions at both prisons were taken in retaliation for his role as the lead plaintiff in the class-action lawsuit, *Ashker v. Brown*, No. C 09-5796 CW (N. D. Cal. 2009). The KVSP claims were severed from the PBSP claims because they arose out of distinct transactions that took place at different times in different locations involving different people. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff argues that the claims should be joined because he alleges that they all involved the systemic misuse of confidential information by senior prison officials in the CDCR to retaliate against him. The claims plainly do not arise from the same transaction or occurrence as they involve different locations, at different times, and by different people. There were unique facts and officials involved in the housing decisions and the suicide watch practices at PBSP that are distinct from the facts and officials involved in the allegedly retaliatory acts and the suicide watch practices at KVSP. Plaintiff's allegation that there was a system of retaliation by senior CDCR officials does not mean that all the claims arose out of the same or a series of related transactions or occurrences such that they should be joined. A great many cases every year allege retaliation by prison officials all across California, but this does not mean they would all properly be joined simply because the prisoner alleges there is a system of retaliation authorized by senior prison officials. Too many individual questions regarding each element of a retaliation claim are presented by each alleged retaliatory incident — the protected speech by the prisoner, the retaliatory conduct, whether there was a causal nexus between the two, whether there was another legitimate justification for the defendants' conduct, whether the

2

prisoner's speech was chilled — to practically or feasibly join them all. The KVSP and PBSP claims involved distinct incidents by different officials at different times and places, and each incident requires a separate inquiry into the defendants' conduct, whether there was a retaliatory or legitimate purpose, and whether plaintiff's speech was chilled.

The above analysis was explained in the Order severing the claims:

> The KVSP claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the PBSP claims. *See* Fed. R. Civ. P. 20(a)(2). The claims plainly do not arise from the same transaction or occurrence as they involve different locations, at different times, and by different people. There were unique facts and officials involved in the housing decisions and the suicide watch practices at PBSP that are distinct from the facts and officials involved in the allegedly retaliatory acts and the suicide watch practices at KVSP. The claims also do not arise from the same "series" of transactions or occurrences. There is no allegation of a policy or a continuos sequence of events spanning the two prisons that would suggest that the alleged violations at both places all were part of the same series of events. And while one of plaintiff does challenge the way that guards carried out the suicide watch at both places, which was by different people and in a different manner at each prison. Indeed, he alleges that these practices at KVSP were different, and worse, than those at PBSP because of the isolated nature of the KVSP cells. Because the KVSP claims and the PBSP claims do not arise from the same transactions or occurrences, or the same series of transactions or occurrences, they may not be joined into a single action under Rule 20.

(ECF No. 37.)

Plaintiff does not make new arguments that warrant reconsideration of the severance Order. The Eastern District's progress on adjudicating the KVSP claims in the severed case further indicates that such claims may be properly litigated in a separate action. Accordingly, the motion for reconsideration is **DENIED.** Plaintiff's motion for an extension of time to file a reply brief is **DENIED** because he raises no new arguments that would warrant reconsideration in his motion, and additional arguments not raised in his motion may not be raised in a reply brief.

Three new KVSP defendants — Ralph Diaz, Sandra Alfaro, and Connie Gipson — whom plaintiff added in the First Amended Complaint alleging they were also involved in the same incidents as the other KVSP defendants have also filed a motion to dismiss or to sever the claims against them. Plaintiff has filed an opposition. For the reasons described in the Order severing the claims against the other KVSP defendants (ECF No. 37) and discussed above in connection with plaintiff's motion for reconsideration, the claims against defendants Diaz,

Alfaro and Gipson is Defendants' are **SEVERED** and **TRANSFERRED** to the United States District Court for the Eastern District of California. The arguments for dismissing these claims are not addressed here and may be raised again in the Eastern District.

Plaintiff's motion for an extension of time to file a reply regarding his motion for reconsideration is **DENIED** because plaintiff has had ample opportunity to address the severance issue in his oppositions to the motions to sever and in his motion for reconsideration.

Good cause appearing, plaintiff's motion for an extension of time to file an opposition to the most recent motion to dismiss or sever is **GRANTED**. The remaining defendants' motion for an extension of time to file a motion for summary judgment is **GRANTED** to and including September 27, 2021. Plaintiff's opposition is due on or before October 27, 2021. Defendants **shall** file a reply brief within 14 days of the date any opposition is filed.

The clerk shall send a copy of the First Amended Complaint and a copy of this Order to the Eastern District

IT IS SO ORDERED.

Dated: July  23 , 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE